IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE SETTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:20-cv-00231 ) Judge Trauger |
| CORIZON HEALTHCARE, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Mike Settle, an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in forma pauperis (IFP). (Doc. No. 2.)

However, in no event is a prisoner allowed to file a civil action IFP in this court if he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The plaintiff has previously filed at least three actions in district court which were dismissed as frivolous or for failure to state a claim. *See Cole v. Corr. Corp. of Am.*, No. 1:10-cv-1303 (W.D. Tenn. Sept. 1, 2011) (case dismissed as frivolous or for failure to state a claim with notation that the dismissal was Plaintiff's first strike under § 1915(g));[1] *Settle v. Tenn. Dep't of Corr.*, No. 3:11-cv-567 (E.D. Tenn. Apr. 18, 2012) (case dismissed as frivolous and for failure to state a claim); *Settle v. U.S. Post Office*, No. 2:14-cv-2559 (W.D. Tenn. Sept. 11, 2015) (case

---

[1] The court takes judicial notice that the plaintiff "is also known as Michael Dewayne Settle, Michael Dewayne Cole and Michael Cole." *Settle v. U.S. Atty. Gen.*, No. 3:15-cv-00715, 2015 WL 4068278, at *1 n.1 (M.D. Tenn. July 2, 2015).

dismissed for failure to state a claim); *Settle v. Obama*, No. 3:15-cv-365 (E.D. Tenn. Nov. 17, 2015) (case dismissed for failure to state a claim, with notation that the dismissal is a strike under § 1915(g)); *see also Settle v. Hamby*, No. 3:18-cv-508 (E.D. Tenn. Jan. 9, 2019) (IFP status denied and case dismissed pursuant to the three-strike rule); *see generally Settle v. U.S. Atty. Gen.*, 2015 WL 4068278, at *1 n.2 (M.D. Tenn. July 2, 2015) (noting that Mr. Settle had previously "filed approximately 40 actions in federal district courts in Tennessee and the Sixth Circuit" without paying significant filing fees or accruing his third strike, because he "characterize[ed] the majority of his actions as petitions for the writ of habeas corpus"). In light of these prior dismissals, the plaintiff is a "three-striker" who may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger the plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, a plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted).

In his complaint, filed March 16, 2020, the plaintiff alleges that he is in imminent danger because he is suicidal after being held in solitary confinement for twenty years. (Doc. No. 1 at 1–2.) He alleges that defendants Corizon Healthcare and Amanda Simms have denied him individual mental health therapy, and that they discontinued his treatment with Prozac in March 2019. (*Id.* at

3–4; *see id.* at 14–15 (attached grievance and response)[2].) In a subsequent declaration, filed on March 25, 2020, the plaintiff alleges that he is only allowed to speak to mental health staff through his cell door, for five minutes at a time; that Corizon and Simms failed to order mental health staff to respond on March 1, 2019, when the plaintiff reported suicidal thoughts after hearing his reflection in the mirror tell him to kill himself; that he was not placed on suicide watch after reporting that he wanted to kill himself on October 25, 2019; and that on February 13, 2020, he told mental health staff that he wanted to die because his "depression from lock-down is hurting my head causing me pain." (Doc. No. 5 at 1–2.)

As a backdrop for considering these allegations, the court takes note of the August 15, 2019 screening order of the United States District Court for the Eastern District of Tennessee in *Settle v. Parris, et al.*, No. 3:19-cv-32, Doc. No. 8 (E.D. Tenn. Aug. 15, 2019). In *Parris* (which remains pending as of the date of this order), the court recognized that Mr. Settle was a three-striker, but granted pauper status based on the allegations of imminent danger contained in his January 22, 2019 complaint and subsequent declarations.[3] After noting that some district courts have held that the risk of future self-harm is categorically insufficient to show imminent danger, but that the Sixth Circuit had not endorsed such a bright-line rule, the *Parris* court adopted the Seventh Circuit's case-by-case approach to such allegations by three-strikers. *Id.* at 4–8. This approach, when

---

[2] In evaluating a three-striker's assertion of imminent danger, the court may consider the complaint's allegations in light of grievances and other exhibits attached thereto. *See Tucker v. Corizon Corr. Health Care*, No. 18-1725, 2019 WL 2713289, at *2 (6th Cir. Apr. 22, 2019) (finding inmate's imminent-danger allegations "contradicted by the exhibits attached to his complaint").

[3] The district court in *Settle v. Parris* allowed the plaintiff's due process claim—based on his allegation that he continues to be segregated in housing where he is isolated for nineteen hours per day—to proceed past initial screening, but denied his motion to amend his complaint to include the medical-needs claims asserted here against Corizon and Simms due to the rules governing joinder of claims and parties. The plaintiff waited seven months before filing his separate lawsuit asserting those claims in this district.

3

applied to Mr. Settle's allegations that he was being deprived of Prozac and "appropriate access to mental health care and treatment in his current housing unit," and that he experienced "a specific incident [on March 1, 2019] in which he advised prison officials of the presence of hallucinations and suicidal ideations," led the *Parris* court to conclude that Mr. Settle was an imminent danger to himself at the time of filing his January 2019 complaint.[4] *Id.* at 8–9. In so concluding, the district court distinguished the Sixth Circuit's February 2019 decision in *Settle v. Phillips*, No. 18-6195 (6th Cir. Feb. 26, 2019), wherein Mr. Settle's allegations in support of his request for pauper status on appeal were found too conclusory to satisfy the imminent-danger exception. *Id.* at 9 n.7.

In the case at bar, the complaint's allegations—that the plaintiff is suicidal because he is being denied individual mental health counseling and treatment with Prozac for depression caused by his 20-year confinement in isolation—are insufficient to support a plausible showing of imminent danger. Although these allegations are fleshed out by the statements in the plaintiff's March 21, 2020 declaration concerning specific reports of suicidal ideation on March 1, 2019, October 25, 2019, and February 13, 2020, "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception" to the three-strikes rule, which requires that "the danger of serious physical injury . . . exist at the time the complaint is filed." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797–98). Regardless of whether this court agrees with the *Parris* court's analysis of Mr. Settle's allegations contemporaneous with his March 1, 2019 report, the court cannot find from these same allegations, supplemented only by two isolated occurrences of

---

[4] The district court noted that Mr. Settle attached to his complaint "several emails from March and April of 2015, indicating that he was being treated for depression with Prozac and Vistaril, and had expressed 'helplessness and hopelessness' and a belief that he would be 'better off dead'; and . . . a consent to mental health treatment form, signed by Plaintiff in July 2015." *Settle v. Parris, et al.*, No. 3:19-cv-32, Doc. No. 8 at 4 n.3 (E.D. Tenn. Aug. 15, 2019). The plaintiff attached these same materials to his complaint in the case at bar (Doc. No. 1 at 8–10), as well his March 2019 grievance and responses thereto (*id.* at 11–16).

4

suicidal ideation since March 1, 2019, that the plaintiff was under an imminent threat of serious physical danger on March 12, 2020, when his complaint was placed in the outgoing mail at MCCX. (*See* Doc. No. 1 at 17.) The passage of more than a year without significant change in the plaintiff's circumstances tells against the imminence of the threat he may be facing due to suicidal thoughts.

Even without considering the plaintiff's prior litigation history, the allegations before this court are not sufficient to plausibly establish a "real and proximate" threat of serious physical injury in March 2020 due to the plaintiff's depression and suicidal thoughts on March 1 and October 25, 2019, or his report of "want[ing] to die" because of his pain on February 13, 2020. Absent any further allegations pointing to a heightened risk around the time the complaint was filed, the court cannot "draw the reasonable inference that [the plaintiff] was under an existing danger" of serious self-injury at that time. *Vandiver*, 727 F.3d at 585 (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) (citing with approval *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017), where exception to 3-strikes law allowed based on allegations demonstrating "*heightened* risk of suicide or self-mutilation") (emphasis added)); *cf. Sanders*, *supra* (finding allegations sufficient where inmate alleged a tendency toward self-harm, and fact that mental health staff allegedly "ignores the problems of inmates in solitary confinement unless they engage in self-harm"; "That Sanders has attempted self-harm multiple times lends support to his allegation that a future attempt is 'imminent' unless he is released from solitary or allowed mental-health care.")

The court therefore finds that Section 1915(g) precludes the granting of pauper status in this case. The Sixth Circuit Court of Appeals has made the following observation with respect to prisoners who fall within the scope of § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes

5

to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Accordingly, within **28 days** of the entry of this order, the plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. The plaintiff is cautioned that, should he fail to comply with this order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge