IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE SETTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 3:20-cv-00231 |
| | )  Judge Trauger |
| CORIZON HEALTHCARE, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Mike Settle, an inmate at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in forma pauperis (IFP) (Doc. No. 2) on March 16, 2020.

By order entered April 21, 2020 (Doc. No. 6), the court denied the plaintiff's IFP application under 28 U.S.C. § 1915(g) because "he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon which relief may be granted," and his current allegation of suicidal thoughts did not suffice to plausibly establish that he is in "imminent danger of serious physical injury." The court found that, although the plaintiff has longstanding depression and reported three instances of suicidal thoughts beginning in March 2019, his allegations did not support a heightened risk around the time the complaint was filed, and the court therefore could not reasonably infer that he was under an existing danger of serious self-injury at that time. (Doc. No. 6 at 4–5 (quoting, *e.g.*, *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019), and *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017).)

The plaintiff has now filed a motion for reconsideration of the court's April 21 order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 7.) While "no Federal Rule actually permits 'motions for reconsideration,'" relief under Rule 59(e) (authorizing a "Motion to Alter or Amend a Judgment") may be appropriate prior to entry of judgment if "there exists an intervening change in controlling law, new evidence not available at trial, a clear error of law or a manifest injustice." *Newsome v. Nw. Airlines Corp.*, No. 02-2203 B, 2005 WL 1017991, at *1 (W.D. Tenn. Apr. 28, 2005) (internal quotation marks omitted); *see Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979) (explaining that district courts can properly consider Rule 59(e) motions that precede formal entry of judgment and that "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment"). The court liberally construes the plaintiff's motion as arguing clear error or manifest injustice in the court's finding that he failed to allege imminent danger of serious physical injury at the time he filed the complaint.

In his motion, the plaintiff argues that imminent danger is established "as a result of being presently denied adequate mental health treatment for serious depression," reiterating that "the defendants are presently withholding Prozac for his depression and denying him mental health therapy treatment[.]" (*Id.* at 2.) He argues that his past experiences of suicidal thoughts (which he alleges followed the discontinuation of Prozac) demonstrate imminent danger that continued at the time the complaint was filed because the deprivation of appropriate treatment continued. (*Id.* at 4 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1057 (9th Cir. 2007).)

Although the Sixth Circuit has recognized that "an individual afflicted with a chronic illness that left untreated would result in serious injury faces imminent danger when the illness is left untreated," and that "past incidents can inform the imminence analysis," *Vandiver v. Prison*

2

*Health Servs., Inc.*, 727 F.3d 580, 587 (6th Cir. 2013) (quoting *Andrews*, 493 F.3d at 1057 n. 11), the injury the individual imminently faces must still be "physical" under the statute. *See id.* (finding imminent danger based on untreated diabetes and Hepatitis-C that had resulted in prior, partial amputations of the inmate's feet and was likely to produce "incremental harm that culminates in a serious physical injury"). Thus, a plaintiff seeking to establish the imminent-danger exception must "connect the injury to concrete manifestations in the body as opposed to a purely emotional or psychological harm." *Gresham*, 938 F.3d at 849. "It's true that '[p]hysical problems can cause psychological ones, and the reverse, but the statute supposes that it is possible to distinguish them.'" *Id.* (quoting *Sanders*, 873 F.3d at 959). This distinction is consistent with the Sixth Circuit's recognition that an inmate may establish imminent danger by alleging failure to treat a chronic condition that, if not treated, "*would* result in serious [physical] injury," *Vandiver*, 727 F.3d at 587 (emphasis added), versus a condition that *could* result in physical injury if left untreated.

Accordingly, the plaintiff must allege more than the mere potential for his ongoing, untreated depression to manifest in a concrete, physical way; his allegations must permit the reasonable inference that such harm will in fact result. As previously determined, the complaint's allegations fall short of that mark, notwithstanding the fact that the plaintiff continues to be denied what he believes to be the appropriate treatment for his serious depression. In short, the court reaffirms its prior holding: the plaintiff's failure to allege facts supporting the reasonable inference of a heightened risk of serious physical injury at the time he filed the complaint means that he is not entitled to exception from the three-strikes rule of Section 1915(g), and must therefore prepay the full filing fee if this action is to proceed.

In light of the foregoing, the plaintiff's motion for reconsideration pursuant to Rule 59(e) (Doc. No. 7) is **DENIED**.

Within **28 days** of the entry of this order, the plaintiff **SHALL** remit the full filing fee of four hundred dollars ($400.00) to the Clerk of Court. The plaintiff is cautioned that, should he fail to comply with this order within the time specified, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge